UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                          Case No. 18-cr-285 (JNE/TNL)

          Plaintiff,

v.                                                       **ORDER**

Fabiola Arriola-Campos (1),
Gilberto Cervantes-Sanchez (2),
Terry Chanthavongsa (3),
Silvino Manuel Garcia-Ruiz(4),
Carlos Hernandez (5),
Hugo Morales-Garcia (6),
Thomas Arthur Ranallo (7),
Saury Sarai Rosales Vargas (8),
Carlos Mendoza Serrato (9),
Ana Alonzo Vazquez (10),
Charlie Xiong (11), and
Javier Yepez-Villegas (12),

          Defendants.

This matter comes before the Court on the Government's Motion to Designate Case as Complex Under the Speedy Trial Act (Mot., ECF No. 112). In support of its motion, the Government states that the superseding indictment "is the result of an investigation of a complex drug scheme operating from Mexico and California to Minnesota, which functioned for at least a multi-year period." (Mot. ¶ 6.) "[A]spects of this investigation date back to 2012," and "since 2015 agents have conducted extensive hours of electronic and physical surveillance; facilitated multiple controlled purchases; reviewed large amounts of phone toll data, public records, and other documents; and seized other evidence as part of multiple search warrant and other 'wall-off' efforts."

(Mot. ¶ 6.) The investigative materials are voluminous. These materials include "thousands of pages" of documents and "a wide breadth of media containing audio recordings, video recordings, and other electronic surveillance (from California and Minnesota) which must be amalgamated for purposes of disclosure and/or availability for review." (Mot. ¶ 8.) By way of example, the Government "anticipates organizing and providing access to several terabytes of pole camera surveillance" that was generated over several years. (Mot. ¶ 8.) Further, the Government "is still addressing evidentiary materials seized or otherwise garnered" as the result of recently executed search warrants. (Mot. ¶ 9.)

In sum, the Government asserts that this case is complex because it "will require extensive document and evidence review and preparation such that it is nearly impossible to be amalgamated and organized (as necessary), and unreasonable to expect counsel to have adequate preparation . . . within the time limits of the Speedy Trial Act or the time limits presently scheduled." (Mot. ¶ 12.) Additionally, it is possible that, following "the Government's assessment of recently obtained evidence, the existing superseding indictment may be superseded again, depending upon circumstances yet to occur in this matter." (Mot. ¶ 13.) Two defendants are also currently pending transport to Minnesota from California. (Mot. ¶¶ 3, 13 n.3.) The Government requests that all deadlines be extended by 45 days. There has been no objection by any of the nine presently arraigned Defendants. (*See* Mot. ¶ 15.)

The Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that due to the large amount of discovery, the nature of the evidence collected, and the number of defendants

that this case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. The Court additionally finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting such a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide the Government, Defendants, and the parties' respective attorneys reasonable time necessary for effective preparation.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Government's Motion to Designate Case as Complex Under the Speedy Trial Act (ECF No. 112) is **GRANTED**.

2. This case is designated as "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii).

3. The period of time from **January 31 through May 16, 2019**, shall be excluded from Speedy Trial Act computations in this case.

4. The Government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **April 5, 2019**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by **April 5, 2019**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

5. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **April 12, 2019**. D. Minn. LR 12.1(a)(2).

6. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **April 19, 2019**. D.

Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Leung.[1]

7. **Counsel must electronically file a letter on or before April 19, 2019, if no motions will be filed and there is no need for hearing**.

8. All responses to motions must be filed by **May 3, 2019**. D. Minn. LR 12.1(c)(2).

9. Any Notice of Intent to Call Witnesses must be filed by **May 3, 2019**. D. Minn. LR. 12.1(c)(3)(A).

10. Any Responsive Notice of Intent to Call Witnesses must be filed by **May 8, 2019**. D. Minn. LR 12.1(c)(3)(B).

11. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a. The Government makes timely disclosures and a Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b. Oral argument is requested by either party in its motion, objection or response pleadings.

12. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **May 16, 2019**, at **10:00 a.m.**, in **Courtroom 9W**, U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. D. Minn. LR 12.1(d).

---

[1] U.S. Mail or hand-deliver to 300 South Fourth Street, Chambers 9W, Minneapolis, MN 55415.

13. **TRIAL:**

   a. **IF NO PRETRIAL MOTIONS ARE FILED BY DEFENDANT: the following trial and trial-related dates are:**

   All voir dire questions and jury instructions and trial related motions (including motions in limine) must be submitted to District Judge Joan N. Ericksen on or before **a date to be determined.**

   This case must commence trial **at a date and time to be determined** before District Judge Ericksen in Courtroom 12W, U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

   b. **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Ericksen to confirm the new trial date.**

Date: February  7 , 2019           *s/ Tony N. Leung*
                                   Tony N. Leung
                                   United States Magistrate Judge
                                   District of Minnesota

                                   *United States v. Arriola-Campos et al.*
                                   Case No. 18-cr-285 (JNE/TNL)